## SCHEVITZKY v. HOME OWNERS' LOAN CORPORATION et al.

### No. 27.

District Court, E. D. Missouri, E. D.

Feb. 2, 1939.

Lee J. Placio, of St. Louis, Mo., for plaintiff.

Kenneth Teasdale, and Redick O'Bryan, State Counsel, both of St. Louis, Mo., for defendant Home Owners' Loan Corporation.

DAVIS, District Judge.

This is an action by a minor for personal injuries alleged to have been suffered by reason of the defective condition of a stairway used in common by the tenants of a flat. The defendant Home Owners' Loan Corporation, owned the flat, and defendant Real Estate Management Company was the agent in charge of the premises.

The defendant Home Owners' Loan Corporation has filed a motion to dismiss on the ground that it is an instrumentality of the United States, and is not liable in an action in tort.

The Home Owners' Loan Corporation was organized under the provisions of the Home Owners' Loan Act of 1933, 12 U.S.C.A. §§ 1462, 1463. This Act directed (1) that the corporation be created, (2) that the corporation should be an instrumentality of the United States, (3) that the stock of the corporation should be subscribed for by the Secretary of the Treasury on behalf of the United States, (4) that the capital, reserve and surplus of the corporation should be exempt from taxation, (5) that the corporation should be entitled to the free use of the United States mails, and (6) that all dividends declared by the corporation should be paid to the United States.

 The test of whether a suit is against the United States is not determined by the names of the parties as they appear upon the record. The result and effect of a judgment in response to the issues discloses the real party in interest. Minnesota v. Hitchcock, 185 U.S. 373, 385, 22 S.Ct. 650, 46 L.Ed. 954; Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510. The facts above stated indicate what would be the effect of a judgment for plaintiff against this defendant in this case. The judgment, if satisfied, would be paid by the United States. Hence, this is in reality an action against the Government. United States v. Kay, 2 Cir., 89 F.2d 19; Keifer & Keifer v. Reconstruction Finance Corporation, D.C., 22 F.Supp. 918; Henson et al. v. Eichorn, et al., D.C., 24 F.Supp. 842. "In actions where an agent of the government is a party, the courts look through the nominal party and treat the case as one in fact against the government." United States v. Golden, 10 Cir., 34 F.2d 367, 376.

This action is in tort and the United States has not consented to responsibility for the wrongs of its agents. The statute creating the Home Owners' Loan Corporation does provide that the corporation "shall have authority to sue and be sued in any court of competent jurisdiction". 12 U.S.C.A. § 1463(a). That evidently means that, in respect to the execution of the powers for which the corporation was created, suits may be maintained in the courts. It does not mean that the United States has consented to be responsible for the torts of its agents. Lyle v. National Home for Disabled Volunteer Soldiers, C.C., 170 F. 842; Prato v. Home Owners' Loan Corporation, D.C., 24 F.Supp. 844.

[5-7] Consent to be sued in tort cannot be inferred from the language of this statute. It needs a firmer foundation than mere inference. Positive expression is essential. "It is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 285, 75 L.Ed. 598.

The motion to dismiss should be and is sustained.