**UNION NAT. BANK OF CLARKSBURG, W. VA., v. McDONALD.**

Civ, A. No. 87-C.

District Court, N. D. West Virginia.

Dec. 9, 1940.

James M. Guiher and William P. Nottingham, both of Clarksburg, W. Va. (Steptoe & Johnson, of Clarksburg, W. Va., on the brief), for plaintiff.

Joe V. Gibson, U. S. Atty., of Clarksburg, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action by Union National Bank of Clarksburg, West Virginia, against Stewart McDonald in his official capacity as Federal Housing Administrator of the United States to collect the sum of $33,117.93, representing a loss incurred by plaintiff and insured by defendant upon a Federal Housing loan made to Pederson Glass Company.

■ After filing its answer, defendant moved to dismiss for lack of jurisdiction of the subject matter. Such defense is not waived by failure to include it in the answer. It may be raised by motion to dismiss after answer. Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c.

Defendant says that, although this suit is nominally against the Federal Housing Administrator, it is, in fact, a suit against the United States, and, therefore, this court is without jurisdiction by reason of the fact that the amount demanded in the complaint is in excess of $10,000. It is urged that the action should have been brought in the Court of Claims. Defendant relies upon 28 U.S.C.A. § 41(20), which provides, in part, as follows:

"The district courts shall have original jurisdiction as follows: * * *

"(20) *Suits against United States*. * * * Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable * * *".

The parallel section of the jurisdiction of the Court of Claims is found in Title 28 U.S.C.A. § 250, subdivision (1), as follows: "The Court of Claims shall have jurisdiction to hear and determine the following matters: (1) Claims against United States. * * * All claims (except for pensions) founded upon the Constitution of the United States or any law of Congress, upon any regulation of an executive department, upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable * * *".

These two statutes are often spoken of as the Court of Claims Act. The single question now raised is whether an action against the Federal Housing Administrator in his official capacity in a Federal District Court is limited to $10,000 under the Court of Claims Act.

■ There is an abundance of authority for the proposition that where an agency of the government is a party, the courts look through the nominal party and treat the case as one in fact against the United States. Schevitzky v. Home Owners' Loan Corp., et al., D.C., 26 F.Supp. 311; Reconstruction Finance Corporation v. Krauss et al., D.C., 12 F.Supp. 44; Walker v. Home Owners' Loan Corporation, D.C., 25 F.Supp. 589; Prato v. Home Owners' Loan Corporation, D.C., 24 F. Supp. 844; Henson et al. v. Eichorn et al., D.C., 24 F.Supp. 842; Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, D.C., 268 F. 624.

With a growing tendency to utilize corporations and agencies for governmental purposes, there has been significant contemporaneous opinion to bring governmental immunity from suit into disfavor. Congress has uniformly given expression to this opinion by making more than forty such corporations amenable to suit. By an Act of August 23, 1935, C. 614, Sec. 344 (a), 49 Stat. 684, 722, 12 U.S.C.A. § 1702, the following sentence was added to Title I of the National Housing Act: "The Administrator shall, in carrying out the provisions of this title and titles II and III, be authorized, in his official capacity,

48

to sue and be sued in any court of competent jurisdiction, State or Federal".

█ Whatever may have been the law under former decisions, the recent cases of Keifer & Keifer v. Reconstruction Finance Corporation, February 27, 1939, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784, and Federal Housing Administration v. Burr, February 12, 1940, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, seem to settle this question. The inescapable conclusion from reading these opinions is that a suit against the Federal Housing Administrator, in his official capacity, in a Federal District Court is not limited to $10,000 under the Court of Claims Act. 28 U.S. C.A. § 41 (20).

In the Keifer case an action in tort was brought in a District Court against Regional Agricultural Credit Corporation, a federal subsidiary of Reconstruction Finance Corporation. The District Court dismissed the case for lack of jurisdiction, holding that Congress had not given its consent to a suit in tort against its instrumentality. 22 F.Supp. 918. The Circuit Court of Appeals (8 Cir., 97 F.2d 812) affirmed the District Court and the Supreme Court reversed them both. Keifer & Keifer v. Reconstruction Finance Corp., supra. The act creating Regional did not provide that it could sue and be sued, but the act creating its parent corporation did contain such provision. After discussing the reason assigned in the earlier cases for governmental immunity from unconsented suit, the court says [306 U.S. 381, 59 S.Ct. 517, 83 L.Ed. 784]: "Therefore, the government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work. United States v. Lee, 106 U.S. 196, 213, 221, 1 S.Ct. 240, 254, 261, 27 L.Ed. 171; Sloan Shipyards v. U. S. Fleet Corp., 258 U.S. 549, 567, 42 S.Ct. 386, 388, 66 L.Ed. 762. For more than a hundred years corporations have been used as agencies for doing work of the government. Congress may create them 'as appropriate means of executing the powers of government as, for instance, * * * a railroad corporation for the purpose of promoting commerce among the states.' Luxton v. North River Bridge Co., 153 U.S. 525, 529, 14 S.Ct. 891, 892, 38 L.Ed. 808. But this would not confer on such corporations legal immunity even if the conventional to-sue-and-be-sued clause were omitted."

In a footnote to the opinion the Federal Housing Administrator is mentioned as one of the governmental agencies with the sue and be sued authority. Suit was permitted against the subsidiary agency in tort in the District Court, notwithstanding under the terms of the Court of Claims Act suit against the United States in the District Court is limited to contract actions only, or for damages "not sounding in tort". The court said further: "To assume that Congress in subjecting these recently created governmental corporations to suit meant to enmesh them in these procedural entanglements, would do violence to Congressional purpose."

In the Burr case, Burr v. Heffner, June 5, 1939, 289 Mich. 91, 286 N.W. 169, the Supreme Court of Michigan held that the Federal Housing Administration could be subject to a suit of garnishment in a state court, process having been served on the state director in the state of Michigan. The Supreme Court of the United States affirmed. Federal Housing Administration v. Burr, supra. The Supreme Court held that either the Federal Housing Administrator, or the Administration, could be sued in a state court in a garnishment proceeding. Citing the Keifer case, the Supreme Court said [309 U.S. 242, 60 S.Ct. 490, 84 L.Ed. 724]: "Hence, when Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue and be sued', it cannot be lightly assumed that restrictions on that authority are to be implied. Rather if the general authority to 'sue and be sued' is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense. In the absence of such showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be."

█ Plaintiff contends that the Keifer and Burr cases hold that an action against

a governmental agency is not an action against the United States. I do not so construe these decisions. But they do say that Congress has completely abrogated any immunity which may have existed by this "sue and be sued" clause. They say that this consent is unqualified; that no restrictions will be implied, and that such instrumentalities may hereafter be sued as private persons could be sued under like circumstances. In my opinion, this is, in effect, a suit against the United States, but the immunities and restrictions upon such suit have been abrogated. In the sue and be sued clause, Congress has given the Federal Housing Administrator the status of a corporation or other entity distinct from the United States.

It is urged that it would be unreasonable to permit trial of cases against governmental agencies for unlimited amounts in state and federal courts. This is cited as the reason for the Court of Claims Act. The answer to this argument is that Congress has "let down the bars" by this sue and be sued clause. In the language of Justice Douglas in the Burr case there is no reason for the court "to imply that Congress did not intend the full consequences of what it said". There can be no question that this suit could have been brought in a state court. It is unreasonable to believe that Congress intended to give state courts unlimited jurisdiction as to amount in cases such as this, arising under the laws of the United States, and limit its own District Courts to cases of $10,000 and less.

In the Keifer case the Supreme Court refused to read the "not sounding in tort" language of the Court of Claims Act into the "to sue and be sued" provision. For the same reason the "not exceeding $10,000" language in the Court of Claims Act can not be read into it.

The jurisdiction for this action is 28 U.S.C.A. § 41 (1) which provides, in part, as follows: "The district courts shall have original jurisdiction as follows: (1) * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the * * * laws of the United States".

Since this is an action which arises under the laws of the United States and exceeds $3,000, this court has jurisdiction. The motion to dismiss may be overruled.