LEW MORRIS DEMOLITION CO., INC., Plaintiff, *v.* METALS RESERVE COMPANY, Defendant.

Supreme Court, Special Term, Queens County, November 2, 1944.

*Sol A. Liebman, Egbert L. Wildman, Jr.,* and *Harold E. Jacobson* for defendant.

*Herbert M. Rosenberg* for plaintiff.

HOOLEY, J. Motion for the removal of the action to the United States District Court as provided in sections 28 and 29 of the Judicial Code (U. S. Code, tit. 28, §§ 71, 72) on the ground that the cause of action stated in the complaint arises under the laws of the United States and that the amount in controversy is in excess of three thousand dollars, exclusive of interest and costs.

The defendant petitioner Metals Reserve Company, is a corporation incorporated under an Act of Congress. All of its capital stock is owned by Reconstruction Finance Corporation. The Government of the United States owns all the stock of the Reconstruction Finance Corporation.

Section 28 of the Judicial Code (U. S. Code, tit. 28, § 71) reads as follows: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction * * * in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

Section 42 of title 28 of the United States Code provides: "No district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress. This section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock."

It is clear from said sections that the Federal court would have original jurisdiction of a suit brought by or against the Reconstruction Finance Corporation. It is equally clear that the purpose of the exception in the statute was to preserve jurisdiction where a Federally created corporation was an agency or instrumentality of the government, as evidenced by the stock ownership. Can it be said that the petitioner, because its stock is technically wholly owned by another government-owned instrumentality instead of directly by the government, is any less a government instrumentality coming within the purview of the exception in the statute? Certainly, the beneficiary of the ownership of the stock therein is the Government of the United States.

In *Union Nat. Bank of Clarksburg, W. Va.* v. *McDonald* (36 F. Supp. 46) the District Court in West Virginia said: "There is an abundance of authority for the proposition that where an agency of the government is a party, the courts look through the nominal party and treat the case as one in fact against the United States."

The petitioner is as much a creature of Congress as is the Reconstruction Finance Corporation. In creating the petitioner the Reconstruction Finance Corporation was merely following the mandate set forth in section 5d of the Reconstruction Finance

Corporation Act as amended. (U. S. Code, tit. 15, § 606b.) The activities of the petitioner are in fact the functioning of the Federal Government, particularly in connection with the acquisition of strategic and critical materials concerning the war effort, and petitioner is an administrative agency of such government and is effecting a Federal purpose for a Federal need.

Under the aforementioned sections of title 28 of the United States Code the defendant petitioner is entitled, as a matter of right, to the removal of this action to the United States District Court for the Eastern District of New York.

The motion is granted.