## BUTLER v. PENIX.

### No. 12466.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1949.

Motion for Rehearing and Reformation
Denied Feb. 14, 1949.

Maude Pridgen Butler, pro per.

Coleman Gay and James H. Rogers, both of Austin, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

PER CURIAM.

The complaint in the district court was dismissed on July 15, 1948, for want of jurisdiction. A motion to reinstate was overruled as was a motion to reform and correct the judgment of dismissal. On this appeal it is contended that federal jurisdiction exists under 28 U.S.C.A. § 41 (1) [now §§ 1331, 1332, 1354], because, disregarding form and looking to the substance, the suit is one between the plaintiff-appellant, a citizen of Texas, and the alien heirs of the estate represented by Penix as receiver, though Penix is himself alleged to be a citizen of Texas. Jurisdiction is further claimed in that alienage vel non depends on federal laws, so that the controversy arises under those laws.

The facts vaguely alleged are, as we understand them, that the plaintiff claims

---

762.

to be an heir of Henderson M. Pridgen, who received from the General Land Office of the State of Texas in 1874 a certificate of right to 320 acres of land, which certificate was perfected by a grant issued on May 6, 1947, by the Governor of Texas to Pridgen, his heirs and assigns, covering the land, but delivered to the receiver's attorney, on a representation that the heirs of Emil and Ana Vogtsberger were the present owners, without making a written sworn application setting forth the facts of ownership as required by law; and Emil and Ana Vogtsberger were aliens, subjects of the German Empire until their death, had never lived on the land and could not claim title by limitation even had they been citizens of the United States, and as aliens they could not thus acquire title, not having declared their intention to become citizens.

So far as the nature of the controversy is concerned, we think it is a dispute as to the title to Texas land and arises under the laws of Texas. There does not appear to be any controversy as to the fact of the Vogtsberger's alienage or any dispute about the meaning and application of a law of the United States on that subject. The controversy as it is stated does not arise under the laws of the United States, but under the laws of Texas, as to whether persons who are aliens and who have filed no declaration of intention to become citizens of the United States can acquire title by limitation, and as to the requirements of the Texas law as to taking out this grant to Pridgen.

As to parties, federal jurisdiction may exist as to a controversy arising under State law if the parties to the suit are a citizen of the State on the one side and an alien or aliens on the other. The difficulty here is that there are no alien parties to this complaint. Emil and Ana Vogtsberger are deceased and are not parties. Their heirs are said in argument to be the real parties at interest, but they are not named or sued, nor does their citizenship appear. Being heirs of deceased aliens does not necessarily make them aliens, even if their children. Under the Fourteenth Amendment of the Constitu-

tion if they were born in the United States and subject to the jurisdiction thereof, they are citizens of the United States and of the State in which they reside. The only person here sued is Penix. He is a citizen of Texas. There is no diversity of citizenship in this case. The District Court correctly held it had no jurisdiction to hear it.

Affirmed.