**George C. HARKER, Plaintiff,**

**v.**

**Morton KOPP and Chicago, Milwaukee, St. Paul and Pacific Railroad Company, a Foreign Corporation, Defendants.**

**No. 58C46.**

United States District Court
N. D. Illinois, W. D.
April 3, 1959.

William E. Collins and Edwin T. Powers, Jr., Rockford, Ill., for plaintiff.

Strom & Strom, Belvidere, Ill., for defendant Kopp.

J. P. Reedy, E. O. Schiewe and Edwin J. Richardson, Chicago, Ill., for defendant Chicago, Milwaukee, St. Paul and Pacific R. Co.

PERRY, District Judge.

The complaint before the court consists of two counts, and jurisdiction, in each instance, is sought on the ground of diversity of citizenship.

In Count I, plaintiff, George C. Harker, a citizen of Wisconsin, complains of defendant Morton Kopp, a citizen of Illinois, and alleges "That on or about the 16th day of November, 1957, the plaintiff, George C. Harker, was riding as a fare-paying passenger in a certain railroad train being then and there operated by the Chicago, Milwaukee, St. Paul and Pacific Railroad Company, a foreign corporation, said train being operated between the cities of Madison, Wisconsin, and Rockford, Illinois." Said Count further alleges, "That the defendant, Morton Kopp, was then and there riding as a passenger in the aforesaid railroad train and did violently, wilfully, wantonly, and maliciously assault the plaintiff without any excuse, justification, or provocation on the part of the said plaintiff."

In Count II (with which count we are concerned at this time), plaintiff complains of defendant, Chicago, Milwaukee,

St. Paul and Pacific Railroad Company (hereinafter called "defendant railroad"), "a Foreign Corporation, *having its principal place of business in the City of Chicago, County of Cook and State of Illinois.*" (Emphasis supplied.)

With respect to Count II, a question arises as to whether there exists diversity of citizenship requisite to give this court jurisdiction. Defendant railroad alleges that it has two citizenships, the second one being of Wisconsin, the State of its incorporation, and moves to dismiss the complaint herein on the theory that, since plaintiff is also a citizen of Wisconsin, diversity is lacking.

Both plaintiff and the defendant railroad point to the 1958 amendment of the Judicial Code in support of their respective positions.

At the outset, it should be noted that to determine "diversity jurisdiction" in the instant case, we cannot apply the principles which obtain in cases where a corporation has more than one citizenship by virtue of its incorporation in more than one State. The defendant railroad in the instant case does have two citizenships but it is not a multistate corporation. As it alleges, it is incorporated under the laws of but one State, Wisconsin; its second citizenship is acquired, pursuant to the 1958 amendment, because it has its principal place of business in Illinois.

Turning, now, to the statute in question: Section 1332 of Title 28 U.S.C.A., reads, in part—

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy * * * is between:

"(1) Citizens of different States".

The 1958 amendment added the following paragraph:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

■ Going back to the legislative history of the 1958 amendment, we find that its primary purpose was to reduce the heavy workload of the federal courts caused, in part, by diversity of citizenship cases in which jurisdiction was based on the fictional premise that a corporation, although wholly local in character and operation, is a citizen of another State because of its incorporation in that State.

By providing that, for the purpose of diversity jurisdiction, a corporation shall be deemed a citizen of the State where it has its principal place of business, the amendment in question has taken cognizance of the fictional nature of such premise and has sought to correct a situation which it engenders. Obviously, since the amendment was framed to reduce rather than to increase the workload of the courts, we may safely assume that it was not intended to create another ground on which to base diversity jurisdiction.

The amendment in question goes farther, however, and recognizes that the fictional premise has become an integral part of our judicial structure. It perpetuates the fiction, so to speak, for we find included in the amendment the additional provision that " * * * a corporation shall be deemed a citizen of any State by which it has been incorporated * * *." And so the amendment has made it possible for a corporation to have two citizenships without being a multistate corporation in the sense in which that term has heretofore been used.

■ Clearly the statute as amended does not give to a litigant a right to choose or elect whether he will allege citizenship of a corporation to be of the State of incorporation or to be of the State wherein is located the corporation's principal place of business—such election depending on which allegation will best serve his purpose in arguing for or against the existence of diversity

and consequent jurisdiction or lack thereof. In the instant case, plaintiff cannot allege the Illinois citizenship of the defendant railroad and ignore its Wisconsin citizenship which coincides with his own.

Diversity of citizenship must be complete and where, as in this case, one of the parties is a corporation having two citizenships by virtue of the 1958 amendment, neither of the citizenships of such a corporation, party on one side, may coincide with that of the party or parties on the other side.

The court must hold that as to Count II of the complaint herein, there is no diversity of citizenship as between the plaintiff and the defendant railroad, and that the court is therefore without jurisdiction as to that count.

Order in accordance herewith.