Gordon W. DIESING, Plaintiff,

v.

VAUGHN WOOD PRODUCTS, INC., a corporation, doing business under the name of M W Distributors, Defendant.

Civ. A. No. 1001.

United States District Court
W. D. Virginia.

July 31, 1959.

John H. Thornton, Jr., Woods, Rogers, Muse & Walker, Roanoke, Va., Viren, Emmert, Hilmes & Gunderson, Omaha, Neb., Gordon W. Diesing, Omaho, Neb., pro se, for plaintiff.

B. A. Davis, Jr., Rocky Mount, Va. (filing motion to dismiss), Joseph W. Smith, of Hazlegrove, Shackelford & Carr, Roanoke, Va., L. J. Tierney, of Cassem, Tierney, Adams & Henatsch, Omaha, Neb. (signing answer), for defendant.

THOMPSON, Chief Judge.

### Facts

The plaintiff, a citizen of Nebraska and president of the defendant corporation, a corporation chartered under the laws of Nebraska, obtained a judgment against the defendant in the sum of $102,862 for attorney fees in the Douglas County Court of the state of Nebraska. The defendant's principal and only place of business is in Rocky Mount, Virginia.

The plaintiff instituted this action in this Court on his judgment obtained in the Douglas County Court of Nebraska seeking a judgment in Virginia under the full faith and credit clause of 28 U.S.C.A. § 1738, and alleged in his complaint that the defendant corporation is a citizen of Virginia under the provisions of 28 U.S.C.A. § 1332(c), as amended, effective July 29, 1958.

There are two separate clashing appearances on behalf of the defendant. One of the appearances is signed by a vice-president of the corporation in Nebraska, along with Nebraska and local counsel admitting the jurisdiction of this Court and the factual allegations of the complaint. The other appearance is by B. A. Davis, Jr., Esq., of Rocky Mount, Virginia, as attorney for the defendant by direction of the general manager and executive vice-president of the corporation at Rocky Mount, Virginia, which appearance challenges the jurisdiction of this Court. The two appearances on behalf of the defendant are in direct conflict, and the right of B. A. Davis, Jr., Esq., to appear as attorney for the defendant has been questioned by the other counsel appearing for the defendant.

There is a contract exhibited with the motion to dismiss for lack of jurisdiction filed by B. A. Davis, Jr., Esq., on behalf of the defendant, by the terms of which contract D. C. Vaughn, the general manager and executive vice-president of the corporation at Rocky Mount, Virginia, is authorized to employ counsel on behalf of the defendant corporation to handle local matters pertaining to the business.

The case is before the Court on the complaint, the defendant's answer by its Nebraska vice-president and Nebraska counsel and local counsel, admitting jurisdiction of this Court and the factual allegations of the complaint, the plaintiff's motion for summary judgment upon the admissions in said answer, and on the motion to dismiss the action for want of jurisdiction filed by B. A. Davis, Jr., Esq., as counsel for the defendant by the direction of the general manager and executive vice-president at Rocky Mount, Virginia.

## Conclusions

■ (1) I find that by virtue of the contract filed as an exhibit with the motion to dismiss, that B. A. Davis, Jr., Esq., is authorized to appear as counsel on behalf of the defendant corporation in this action in this Court. Even if he were not so authorized, the Court would on its own motion take cognizance of the jurisdictional question involved.

■ (2) The motion to dismiss for lack of jurisdiction on the ground that the plaintiff and defendant are not citizens of different states requires a construction of the amendment to § 1332, which amendment provides

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State *where it has its principal place of business.*" (Emphasis supplied.)

The plaintiff and the defendant are citizens of the state of Nebraska. The defendant is not incorporated in any other state. The jurisdictional question to be decided is as follows:

Does the fact that the defendant's principal place of business is in Virginia afford the plaintiff diversity of citizenship when the plaintiff and defendant are citizens of Nebraska?

We are not here dealing with a multi-state incorporated defendant, but we are dealing with a multi-state citizenship defendant. The reasons for recognizing diversity in multi-state incorporated defendants in cases such as Lake Shore & M. S. R. Co. v. Eder, 6 Cir., 1909, 174 F. 944, and Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 81 F.2d 60, 69, are not present in this case. In the multi-state incorporations, the corporation is recognized as a corporate entity of each state in which it is so incorporated for

462

all purposes, and it becomes so voluntarily; whereas, under the amendment to 28 U.S.C.A. 1332(c), the corporation does not by having its principal place of business in a state other than the state of incorporation become a corporate entity of that state; it merely becomes a citizen of that state for the purpose of diversity of citizenship when jurisdiction in a federal court is invoked.

It is generally known that the amendment to section 1332 was made for the purpose of restricting federal jurisdiction in diversity cases. It is well recognized that it was not the purpose of the amendment to expand federal jurisdiction in such cases. To hold that diversity of citizenship exists between the parties in this case would be to give every citizen of Nebraska, the only place the defendant is incorporated, access to the federal courts in Virginia for the purposes of suits against the defendant; indeed, it would give that right to the citizens of every state, except Virginia, in which the defendant might hereafter become incorporated—a right they have not heretofore enjoyed. It is obvious that to so hold would greatly increase the diversity jurisdiction in federal courts when the recognized purpose of the amendment was to reduce federal jurisdiction in such cases.

In keeping with the declared purpose of the amendment, I conclude that there is no diversity of citizenship in this case, and that the Court is without jurisdiction, and that the motion to dismiss for want of jurisdiction will be granted.

While I have found no appellate decision construing the amendment, I have seen the pamphlet edition of United States District Judge Perry's opinion in the case of Harker v. Kopp, D.C.N.D. Ill.1959, 172 F.Supp. 180, which construes the amendment in a like factual situation. I concur in his reasoning.

An order will be entered dismissing the complaint.