MOORE–McCORMACK LINES, INC.,
Plaintiff,

v.

INGALLS SHIPBUILDING CORPORA-
TION, Sperry Rand Corporation and
Western Gear Corporation, Defendants.

United States District Court
S. D. New York.

May 20, 1961.

Burlingham, Hupper & Kennedy, New York City, for plaintiff, Eugene Underwood, Hervey C. Allen, and Robert B. Pohl, New York City, of counsel.

Alexander, Ash & Schwartz, New York City, for defendant Ingalls Shipbuilding Corp., Edward Ash, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant Sperry Rand Corp.

Mendes & Mount, New York City, for defendant Western Gear Corp.

METZNER, District Judge.

Plaintiff brings this motion to remand the action to the state court pursuant to 28 U.S.C. § 1447(c). The action was originally brought in the Supreme Court of the State of New York and removed here under a petition for removal based on diversity of citizenship.

Plaintiff is a Delaware corporation having its principal place of business in the City of New York. Defendant Ingalls Shipbuilding Corporation is a Delaware Corporation having its principal place of business in Mississippi. The remaining two defendants were not parties to the removal proceeding and the time to apply for such relief has expired. Therefore, their status need not be considered on this motion.

■ Since both parties are citizens of the State of Delaware (St. Louis & San Francisco Ry. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802), there is no diversity of citizenship upon which to predicate jurisdiction in this court. 28 U.S.C. § 1332.

■ In 1958 Congress amended Section 1332 by adding subsection (c) (Public Law 85–554), which reads as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The purpose of the amendment was to limit the flow of litigation to the federal courts where diversity was claimed because of citizenship in the state of incorporation. It had developed that corporations having a principal place of business in a state other than the state of incorporation could remove to the federal court actions brought against them in the state where they had their principal place of business. The amendment of 1958 prohibits such removal. See 1958 U.S.Code Cong. & Adm.News, p. 3101.

■ Defendant is arguing for the proposition that plaintiff, by relying on the state of incorporation for its citizenship, is relying on a fiction which the 1958 amendment sought to avoid, and that in reality plaintiff is only a New York resident. Plaintiff, however, is not taking advantage of its place of incorporation in order to confer jurisdiction on this court. Rather, the opposite result is sought.

Furthermore, the amendment did not abolish the fiction of citizenship based on the state of incorporation. Rather, it wrote into the statute the decisional law on the subject and then added another fiction of citizenship based on the principal place of business of a party. In Harker v. Kopp et al., D.C.N.D.Ill. 1959, 172 F.Supp. 180, the court pointed out that the amendment was not intended to create another ground for diversity. It simply made it possible for a corporation to have two citizenships in order to reduce the workload of the federal courts. In that case the individual plaintiff was a citizen of Wisconsin. The corporate defendant was incorporated in Wisconsin with its principal place of business in Illinois. The court held there was no diversity of citizenship because diversity must be complete and neither of the citizenships of one party may coincide with that of the other party.

It is interesting to note that in the amendments to the Rules of Civil Procedure, 28 U.S.C.A. for the United States District Courts, adopted by the Supreme Court and submitted to the Congress on April 18, 1961, Form 2 has been amended so that the allegation of jurisdiction will contain reference to both the place of incorporation and the principal place of business of each corporate party in order to properly determine diversity of citizenship.

*Motion granted. Settle order.*