Dorothy **NAYER** and **Herman R. Nayer**

v.

**SEARS, ROEBUCK AND COMPANY.**

**Civ. A. No. 2098.**

United States District Court
D. New Hampshire.

Sept. 20, 1961.

Robert D. Branch, Concord, N. H., Schneider, Reilly & McArdle, Joseph Schneider, Boston, Mass., for plaintiff.

Wiggin, Nourie, Sundeen, Nassikas & Pingree, Paul E. Nourie, Manchester, N. H., for defendant.

CONNOR, District Judge.

This is a diversity action seeking to recover damages for injuries allegedly caused by the explosion of a propane gas heater which the plaintiffs charge was negligently and defectively manufactured by the defendant.

The complaint indicates that the plaintiffs are citizens of the State of New York and that the defendant is a New York corporation. Subsequent to the filing of its answer, defendant moved to dismiss for lack of jurisdiction over the subject matter which motion is now before the court. This defense does not appear to have been made in conformity with Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which requires that such a defense when made by motion shall be interposed prior to pleading. However, the mode of procedure followed by this defendant was sanctioned in the case of Union National Bank of Clarksburg, W. Va. v. McDonald, N.D.West Virginia, D.C.1940, 36 F.Supp. 46. In any event, the defense is one which may be raised at any stage of the proceedings either by suggestion of the parties or otherwise. See Rule 12(h).

The plaintiffs have moved to amend their complaint so as to allege that the defendant is a citizen of Illinois doing business in New Hampshire and that plaintiffs are domiciled in New York and are citizens thereof.

This motion apparently stems from information contained in the defendant's motion to dismiss to the effect that defendant's principal place of business is in Chicago, Illinois. It is conceded that such is the fact and the motion has been granted under date of June 20, 1961. Its apparent purpose is to remove the jurisdictional barrier confronting the plaintiffs and the question presented is whether it has such legal effect.

The pertinent statute under which plaintiffs seek to establish jurisdiction is 28 U.S.C.A., § 1332(c), which was added by amendment in 1958, as Pub.L. 85–554, section 2; 72 Stat. 415, which statute now reads as follows:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Prior to the passage of this amendment, there would have been no doubt that these plaintiffs could not have proceeded against this defendant in federal court due to the obvious lack of diversity of citizenship. It is the position of the plaintiffs that the effect of the amendment is to expand jurisdiction by the creation of a situation similar to that which subsists in the case of multi-state incorporated defendants.

Plaintiffs in argument and in their brief urge consideration of a line of cases dealing with such situations which cases are to the general effect that a plaintiff may sue a corporation chartered both in the state of his domicile and some other state so long as suit is not commenced in the state of mutual citizenship. Boston & M. R. R. v. Breslin, 1st Cir. N.H., 1935, 80 F.2d 749, 103 A.L.R. 695; Seavey v. Boston & Maine R. R., 1st Cir., 1952, 197 F.2d 485; Jacobson v. New York, N. H. & H. R. Co., 1st Cir., 1953, 206 F.2d 153. Under these cases, plaintiffs' position would be well taken inasmuch as suit is not here being brought in the state of common citizenship of the parties.

However, I feel that these cases are not in point. The situation with which we are presently confronted concerns not a multi-state incorporated defendant, but rather a multi-state citizenship defendant. See Diesing v. Vaughn Wood Products, Inc., D.C.W.D.Virginia, 1959, 175 F.Supp. 460; Harker v. Kopp et al., N.D. Illinois W.D., 1959, 172 F.Supp. 180. Furthermore, all of the cases relied on by the plaintiffs were decided prior to the adoption of the amendment and clearly do not purport to interpret it. To reach the conclusion urged by the plaintiffs would be to ignore the language of the amendment, its legislative history, and the cases construing it. Plaintiffs interpret the language of the statute as bestowing dual citizenship upon a corporation such that they are accorded an option to treat the defendant either as a citizen of New York or as a citizen of Illinois. The phrasing of the subsection, however, is in the conjunctive which suggests that a corporation is to be considered as being simultaneously possessed of citizenship in both the state of its incorporation and that of its principal place of business with the result that the one cannot be ignored in favor of the other so as to serve the purpose of the pleader on any given occasion.

■ The legislative history of the amendment indicates that its intended effect was to narrow the scope of jurisdiction, not broaden it. U. S. Code Congressional and Administrative News, 85th Congress, 2nd Session, 1958, p. 3099. The practice sought to be curtailed consisted of suits in federal courts between essentially local parties based on the fiction that one of them held a corporate charter from a different state.

■ The classic situation which the statute was designed to remedy is presented in Canton v. Angelina Casualty Company, 5th Cir., 1960, 279 F.2d 553, 554. There plaintiffs, citizens of Texas, brought suit to recover benefits under Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., against a Delaware corporation which had its principal place of business in Texas. The action dismissing for lack of jurisdiction was affirmed. The court, through Judge Wisdom, said:

"The statute prevents a corporation, essentially local, from taking advantage of being chartered in a foreign state. At the same time it also prevents local residents from taking advantage of the fact that a company has a foreign charter."

More akin to the case at bar is the matter of Diesing v. Vaughn Wood Products, Inc., supra. There, the plaintiff, a citizen of Nebraska, brought an action in federal district court in Virginia to enforce a judgment obtained in a Nebraska state court against the defendant corpo-

ration which was incorporated in Nebraska and had its principal place of business in Virginia. The court dismissed for lack of jurisdiction.

In the case of Harker v. Kopp et al., supra, plaintiff was a citizen of Wisconsin and one of the codefendants was a corporation organized under the laws of that state, but having its principal place of business in the forum state, Illinois. The court held that plaintiff could not ignore the Wisconsin citizenship of the defendant and proceed on the basis of its Illinois citizenship. It would thus seem clear that plaintiffs could not have brought suit in Illinois in the case at bar. See also Moesser v. Crucible Steel Company of America, W.D.Pa., 1959, 173 F. Supp. 953.

I therefore find diversity of citizenship to be lacking, which finding requires the grant of the motion to dismiss for want of jurisdiction over the subject matter.

An order will be so entered.