**Joseph McGLYNN et al., Plaintiffs,**

**v.**

**EMPLOYERS COMMERCIAL UNION INSURANCE CO. OF AMERICA et al., Defendants.**

**Civ. No. 520–72.**

United States District Court, D. Puerto Rico.

Dec. 27, 1974.

Raúl Dávila Rivera, Santurce, P. R., for plaintiffs.

David Rive, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, District Judge.

The case at bar involves a direct action by residents of the Commonwealth of Puerto Rico against the insurer of the United States Navy. A direct action was filed pursuant to Article 20.30 of the Insurance Code for the Commonwealth of Puerto Rico, Title 26, Laws of Puerto Rico Annotated, Section 2003 et seq.

This action was originally filed in the Superior Court of the Commonwealth of Puerto Rico, Humacao Part, and was later removed by defendant to this Court. After removal was granted, this Court on June 5, 1974, issued an Order manifesting serious doubts as to whether it had jurisdiction over the case and asked both parties to file memorandum of law discussing the jurisdictional matter.

Section 1332 of Title 28, of the United States Code, reads in the pertinent part as follows:

"(a) The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between—

(1) Citizens of different States

(2) citizens of a State and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which a foreign state or citizen or subjects thereof are additional parties . . .

(b) * * *

(c) For the purpose of this section and section 1441 of this title . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, that in any direct action against the insurer of policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer *shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.*" (emphasis added)

We understand that under Title 28, United States Code, Section 1332, there is no federal jurisdiction, because for a Court to obtain jurisdiction, under that provision in a direct-action against an insurer, three requirements must be met:

1. Plaintiffs must be citizens of a state other than that where the insurance company was incorporated.

2. Plaintiffs must be citizens of a state other than that where the insurance company has its principal place of business.

3. Plaintiffs must be citizens of a state other than that of where the insured is a citizen.

There is no doubt that in the present case the first two requirements are fully met since plaintiffs are all citizens of Puerto Rico and defendant is a corporation incorporated under the laws of the State of Massachusetts with its principal place of business "outside" of the Commonwealth of Puerto Rico. However, we understand this case does not comply with the third requirement because in a direct action the insurer is deemed a citizen and the insured in the case at bar is an agency of the United States of America, who has no citizenship whatsoever. Hammerstein v. Lyne (D.C.Mo.1912), 200 F. 165. In order to gain access to the federal forum by virtue of diversity of citizenship it is not enough that defendant be a citizen of the United States of America, but has to be a citizen of a particular state. Insured in the case at bar is not a citizen of any particular state and consequently there is no diversity of citizenship in accordance with Title 28, United States Code, Section 1332. A party may be a citizen of the United States but not a citizen of any state, in which event diversity of citizenship cannot be invoked as a ground of federal jurisdiction against him. See Pannill v. Roanoke Times Company, (D.C.Va.) 252 F. 910; Cowell v. Ducas (S.D.N.Y.1932), 2 F. Supp. 1.

In addition to what has been stated, we want to point out that the diversity of citizenship allegation has not been affirmatively averred. Defendant has stated that it is a corporation incorporated under the laws of the State of Massachusetts with its principal place of business "outside" the Commonwealth of Puerto Rico.

The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the ju-

risdiction of the court to show that jurisdiction does, in fact, exist. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780; 80 L. Ed. 1135 (1935). Furthermore, the complaint must state on its face the grounds for jurisdiction. Gold Washing & Water Co. v. Keyes, 96 U.S. 199; 24 L.Ed. 656 (1887). Those rules are applicable to diversity as well as to the "Federal question jurisdiction" of the District Courts. Federal Rules of Civil Procedure, Section 8(a). See also Bowman v. White (4 Cir. 1968), 388 F.2d 756.

Where diversity of citizenship is alleged as jurisdictional grounds, the citizenship of the parties sufficient to establish diversity should be distinctly and affirmatively averred. Robertson v. Cease, 97 U.S. 646, 24 L.Ed. 1057. The complaint should allege the specific citizenship of *each* plaintiff and of *each* defendant in order to show that the required diversity of citizenship exists.

Accordingly, a corporation or a party suing a corporation, does not have a choice of alleging only one of the corporation's citizenship. Canton v. Angelina Casualty Co. (5 Cir. 1960), 279 F.2d 553; Dining Car Employees Local No. 385 v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co. (7 Cir. 1963), 323 F.2d 224; Moore McCormick Lines, Inc. v. Ingalls Shipbuilding Corp. (S.D.N.Y. 1961), 194 F.Supp. 412; Nayer v. Sears Roebuck and Company (D.C.N.H.1961), 200 F.Supp. 319.

This was not done in this case, since only the State where defendant was incorporated was given. Therefore, we decide that this Court lacks jurisdiction under Title 28, United States Code, Section 1332.

In relation with Section 1442(a)(1) of Title 28 of the United States Code, which provides in pertinent part as follows:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be *removed by them* to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or *any agency* thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue." (emphasis added)

The purpose of this section is to prevent federal officers or those acting at their direction from being held accountable in state courts for acts done within the scope of their federal duties. Gurda Farms Inc. v. Monroe County Legal Assistance Corp. (D.C.N.Y.1973), 358 F.Supp. 841. See also State of Florida v. Shimek (D.C.Fla.1973), 356 F. Supp. 687.

It is our opinion that the insurer of one of the persons mentioned in Section 1442(a)(1) cannot avail itself of the benefits and privileges which the statute grants, and we also understand that the present action is not directed against any of the persons mentioned in Section 1442, supra, but is a different and independent cause of action against an insurance company created as a matter of substantive law by Article 20.30 of the Insurance Code for the Commonwealth of Puerto Rico, supra.

In view of the foregoing, this Court lacks jurisdiction and it is hereby ordered that this case be remanded to the Superior Court, Humacao Part, of the Commonwealth of Puerto Rico.

It is so ordered.