Max EISENBERG, Plaintiff,

v.

COMMERCIAL UNION ASSURANCE COMPANY Limited, North British Group, Defendant.

United States District Court
S. D. New York.
Dec. 19, 1960.

---

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff; Joseph J. Moscou, New York City, of counsel.

Edward F. Sweeney, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves for dismissal of this action on the ground that there is no diversity of citizenship between plaintiff and defendant. Plaintiff is a citizen of New York. Defendant is a British corporation with its principal place of business in London. Defendant has many places of business in the United States but its principal one in the United States is in New York.

The question presented involves the interpretation of section 1332 of title 28 U.S.Code, as amended in 1958, which reads as follows:

"§ *1332. Diversity of citizenship; amount in controversy; costs*

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;

"(2) citizens of a State, and foreign states or citizens or subjects thereof; and

"(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,-000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

"(d) The word 'States', as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."

Defendant's position is that it has its principal place of business in the State of New York and that therefore, under the express terms of subdivision (c), it is to be deemed a citizen of New York and

there is no diversity of citizenship between it and plaintiff New York citizen.

It is to be noted that the statute differentiates between States of the United States and foreign states by the use of a capital S for the word when applied to a State of the United States. Subdivision (c), therefore, in dealing with the *place of incorporation* refers only to a corporation incorporated in a State of the United States. When subdivision (c) goes on to deal with *principal place of business* it refers to the same corporation and thus only to a corporation incorporated in a State of the United States. The subdivision is not susceptible of the construction as if it read "all corporations shall be deemed citizens of the States by which they have been incorporated and of the States where they have their principal places of business." Unless a corporation is incorporated by a State of the United States it will not be deemed a citizen of the State where it has its principal place of business.

If I am wrong about this and a corporation incorporated by a foreign state can be deemed a citizen of the State where it has its principal place of business, defendant is in no better case on this motion. Defendant's principal place of business is not in New York; it is in London. Defendant would have me read subdivision (c) as if words were added to it so as to make it provide that a corporation shall be deemed a citizen "of the State where it has its principal place of business" *within the United States*.

I do not believe that the statute ought to be read otherwise than literally. It is true that the purpose of the amendment which made a corporation a citizen of the State where it had its principal place of business as well as of the State where it was incorporated was to reduce the number of cases which would come to the Federal courts under the diversity jurisdiction. Hughes v. United Engineers & Constructors, Inc., D.C.S.D.N.Y., 178 F.Supp. 895. Even if, however, the amendment carried out this purpose by taking away from all foreign state corporations whose principal place of business was within the State, as well as all State corporations whose principal place of business was within the State, the right of removal of a case brought by a resident of that State, it was not the purpose of the amendment to abandon the protection from local prejudice against outsiders as the reason for diversity jurisdiction. It is a fair inference that a corporation which has located its principal place of business in a State has adopted that State as its actual residence and will not be subject to prejudice against outsiders. If a British corporation has located its principal place of business outside of the United States, however, and has set up two branches in the United States, one in Chicago and one in New York, and the one in New York is merely its principal place of business *in the United States*, no inference can be legitimately drawn from those facts that it has adopted New York as its actual residence. Its contact with New York may be so slight that it is still an outsider there. On the other hand, if a Bahaman corporation, for example, has located its principal place of business in New York, the inference is legitimate that it has adopted New York as its actual residence and that it is no longer entitled to be considered an outsider and to deserve the protection accorded outsiders.

Diversity of citizenship exists in this case and defendant cannot refuse the protection of federal jurisdiction that plaintiff thrusts upon it.

Motion denied.

So ordered.