ARAB INTERNATIONAL BANK & TRUST CO., LTD., Plaintiff,

v.

NATIONAL WESTMINSTER BANK LIMITED, Defendant.

No. 78 CIV 3370 (LBS).

United States District Court, S. D. New York.

Jan. 15, 1979.

Donald A. Capobianco, Port Washington, N. Y., for plaintiff.

Kieffer & Hahn, New York City, for defendant; Bleakley, Platt, Schmidt & Fritz, New York City (of counsel).

## OPINION

SAND, District Judge.

This is an action characterized by the plaintiff as a suit to recover on a guarantee. Plaintiff alleges that defendant National Westminster Bank, Ltd. agreed to guarantee payment of a commission due plaintiff from London and Lancashire Property Co., Ltd. Defendant vigorously contests plaintiff's characterization of the nature of the transaction in question, and indeed, the facts as to the underlying transaction are quite obscure.

The matter before us at this stage of the proceedings is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, failure to join an indispensable party, and failure to state a claim upon which relief can be granted, pursuant to F.R.Civ.P. 12(b)(1), (6), and (7). Because we find a lack of subject matter jurisdiction, we do not reach the other contentions raised in defendant's motion.

Plaintiff did not specifically allege diversity jurisdiction in its complaint. It did, however, allege facts presumably in support of such jurisdiction. There being no other apparent basis of jurisdiction, if this Court has subject matter jurisdiction at all, it would be based on diversity of citizenship.

The requisites of diversity jurisdiction are set out in 28 U.S.C. § 1332; in pertinent part, it provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 . . . and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;

.   .   .   .   .

(c) For the purposes of this section . . a corporation shall be deemed a citi-

zen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

■ Plaintiff alleges that it is a corporation organized under the laws of St. Vincent, the West Indies, with its principal place of business at Kingstown, St. Vincent. Complaint ¶ 1. Plaintiff is thus a citizen of a foreign state for purposes of the subject matter jurisdiction of this Court, and jurisdiction must therefore be found under subsection (2) of Section 1332(a). Under that section, the other party to a litigation involving a foreign litigant must be a citizen of a state of the United States. Not only is this apparent from the face of the statute, it is also a settled matter of case law. *See* 1 *Moore's Federal Practice* ¶ 0.75[1.–2].

Plaintiff alleges that National Westminster Bank, Ltd. ("NatWest") is a corporation organized under the laws of the United Kingdom, "having offices at 100 Wall Street, New York, New York; and that it did obtain a permanent license in the State of New York to operate a foreign branch at 100 Wall Street, New York City." Complaint ¶¶ 2, 3. The complaint makes no further allegations respecting defendant's citizenship.

We assume for purposes of this decision that § 1332(c) applies to alien corporations, *i. e.,* that an alien corporation is deemed a citizen of both the country in which it is incorporated and the place—foreign country or state of the United States—in which it has its principal place of business.[1] The allegations of the complaint are insufficient to establish defendant's principal place of business. Defendant has expressly stated (by affidavit of the Assistant Manager of the New York branch office) that its principal place of business is in London. Affid. of D. J. Simmonds, ¶ 3. On the present record before us, we would conclude that defendant's principal place of business is in London.

Plaintiff contends, however, that defendant's New York office is its principal place of business within the United States, and construes § 1332(c) to provide that, in light of that fact, defendant is a citizen of New York for purposes of federal diversity jurisdiction. Def.Br. in Opp. at 4. Defendant does not concede that its New York office is its principal place of business within the United States, but we find the question to be immaterial.

It is true that where an alien corporation's principal place of business world-wide is in one of the states of the United States, the trend of recent decisions, and the opinion of commentators, is to deem the corporation to be a citizen of that state. *See, e. g., Bergen Shipping Co., Ltd. v. Japan Marine Services, Ltd.,* 386 F.Supp. 430 (S.D.N.Y.1974); *Southeast Guaranty Trust Co. v. Rodman & Renshaw, Inc.,* 358 F.Supp. 1001 (N.D.Ill.1973); 1 *Moore's Federal Practice* ¶ 0.75[3].

■ That is not the factual situation before us, however; defendant's principal place of business world-wide would appear to be in London. The relative prominence of defendant's New York office with respect to its United States business is irrelevant for purposes of establishing its citizenship.[2] In *Eisenberg v. Commercial Union Assurance Co.,* 189 F.Supp. 500 (S.D.N.Y. 1960), plaintiff was a New York citizen; defendant was a British corporation with its principal place of business in London and its

---

**1.** The law on this point is not entirely settled. *See* 1 *Moore's Federal Practice* ¶ 0.75[3]. Prior to the 1958 amendment which added subsection (c), the law was clear that an alien corporation was a citizen only of the country in which it was incorporated. *Id.* at 709.80, ¶ 0.77[2.–3]. "While the question is not entirely free of doubt, the status of alien corporations is probably unaffected by this amendatory Act." *Id.* ¶ 0.75[3], at 709.81. *Accord,* 13 Wright & Miller, *Federal Practice & Procedure*

§ 3628. Nevertheless, the commentators suggest that applying the dual citizenship principle of § 1332(c) to foreign corporations is the better rule. *See Moore's Federal Practice, supra,* at ¶ 0.75[3]; Wright & Miller, *supra;* and authorities cited therein.

**2.** We have found only one case which appears to support plaintiff's construction of § 1332(c). *Sansone v. Ocean Acc. & Guarantee Corp.,* 228 F.Supp. 554 (D.La.1964) *(dictum).*

principal place of business within the United States in New York. Defendant sought to be treated as a New York citizen, as diversity of citizenship would then be lacking. The court first stated its opinion that unless a corporation is incorporated by one of the states of the United States, it would not be deemed to be a citizen of the state in which it has its principal place of business. That holding has been disapproved by subsequent cases and criticized by the commentators, as discussed *supra* at footnote 1. The court went on, however, to hold that in the case before it, defendant's principal place of business was in fact in London, rather than New York, and it therefore could not be deemed a citizen of New York:

> Defendant would have me read subdivision (c) [of § 1332] as if words were added to it so as to make it provide that a corporation shall be deemed a citizen "of the State where it has its principal place of business" *within the United States.* (Emphasis in original.)
>
> I do not believe that the statute ought to be read otherwise than literally. . . . it was not the purpose of the amendment [which added subsection 1332(c)] to abandon the protection from local prejudice against outsiders as the reason for diversity jurisdiction. It is a fair inference that a corporation which has located its principal place of business in a State has adopted that State as its actual residence and will not be subject to prejudice against outsiders. If a British corporation has located its principal place of business outside the United States, however, and has set up two branches in the United States, one in Chicago and one in New York, and the one in New York is merely its principal place of business *in the United States* (emphasis in original), no inference can be legitimately drawn from those facts that it has adopted New York as its actual residence. Its contact with New York may be so slight that it is still an outsider there . . . *Id.* at 502.

It would seem that the case before us presents precisely the situation discussed by the court in *Eisenberg.* Defendant is a British corporation whose principal place of business appears to be in London and which has a branch office in New York. For purposes of diversity jurisdiction, it is a citizen of the United Kingdom. Since both plaintiff and defendant in this action are citizens of foreign states, diversity in this action does not exist.

■■■ Plaintiff also argues that defendant's compliance with New York State statutes governing the powers and rights of foreign banking and other corporations doing business in New York make it a citizen of New York for federal diversity purposes. *See* N.Y. Banking Law § 200–201 (McKinney's 1971); N.Y.Bus.Corp.Law §§ 1301, 1304–1306, 1314 (McKinney's 1963). The fact that a foreign corporation is authorized or licensed to do business in a state does not, however, make it a citizen of that state.

> The general rule is that if the corporation merely is licensed to do business in the second state, but the relevant legislation of that state requires less than local incorporation, it does not become a citizen of the second state for diversity purposes. For example, state statutes often provide for licensing or domesticating a corporation and include a condition that the corporation consent to being subject to suit in that state's courts on any causes of action arising against it in the state. These statutes have been effective for obtaining personal jurisdiction over the corporation and establishing venue based upon the corporation's "residence". However, they cannot be interpreted as a waiver by the corporation of (or a requirement by the state that the corporation waive) federal diversity jurisdiction.

> .    .    .    .    .

> On the other hand, a state can require a corporation to reincorporate as a condition for doing business in that jurisdiction and . . . this will make the corporation a citizen of that state for diversity purposes.

13 Wright & Miller, *Federal Practice and Procedure* § 3623.[3] New York does not require foreign banking corporations to re-incorporate in New York. Thus, while we express no opinion as to the effect of state statutes on defendant's amenability to suit in the New York state courts, these statutes do not establish defendant's New York citizenship for purposes of the diversity jurisdiction of this Court.

It would seem highly improbable from the facts which we glean from the sketchy record before us that a basis exists for a valid allegation by plaintiff that defendant's principal place of business world-wide is in New York. In view of the nature of the record, however, we will allow plaintiff thirty (30) days from the date hereof within which to amend its complaint, if it can do so, to reallege the basis upon which, consistent with the foregoing, this Court has subject matter jurisdiction of this action.

Failing such amendment, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

SO ORDERED.

3.  *Contra,* 1 *Moore's Federal Practice* ¶ 0.78[1.–2] (domestic incorporation by compulsion in a second state does not result in citizenship in that state).