**Ruth RUBINFELD, Plaintiff,**

v.

**BAHAMA CRUISE LINE,
INC., Defendant.**

No. 83 Civ. 2265 (PKL).

United States District Court,
S.D. New York.

July 17, 1985.

Gary A. Zucker, Brooklyn, N.Y., for plaintiff.

Michael D. Martocci, New York City, for defendant.

OPINION AND ORDER

LEISURE, District Judge:

Ruth Rubinfeld ("Rubinfeld") brought this action against Bahama Cruise Line, Inc. ("Bahama") for injuries sustained when Rubinfeld allegedly fell from the gangway of Bahama's ship. Rubinfeld is a New York resident. Bahama is incorporated under the laws of the Cayman Islands and has offices in New York City, Tampa and Miami. While Bahama admits that the Court has jurisdiction in admiralty under 28 U.S.C. § 1333, Bahama contests Rubinfeld's assertion that jurisdiction also may be based on diversity under 28 U.S.C. § 1332. This action is before me on Bahama's motion to strike plaintiff's jury demand. Since an action based on admiralty under § 1333 normally does not give rise to the right to a jury trial, this action must also be based on diversity for a jury trial to occur. *See* Fed.R.Civ.P. 9(h) and 38(e). For the reasons presented below, defendant's motion is granted.

Rubinfeld asserts that diversity exists by virtue of Rubinfeld being a citizen of New York and Bahama being a citizen of the Cayman Islands.[1] Bahama contends that (1) its principal place of business is in New York and, therefore, (2) it is a citizen of New York for diversity purposes.[2] Rubinfeld contests both these assertions.

The applicability of § 1332(c) to alien corporations is an unsettled question in this Circuit. Traditionally, an alien corporation was a citizen only of the country of its incorporation. In 1958, Congress amended § 1332 to create dual citizenship for a corporation by deeming it a citizen of the State where it has its principal place of business. Congress did not specify wheth-

---

1. Section 1332(a)(2) establishes diversity jurisdiction for actions between "citizens of a State and citizens or subjects of a foreign state."

2. Section 1332(c) provides that "a corporation shall be deemed a citizen of any State by which it is incorporated and of the State where it has its principal place of business."

er this provision applies only to domestic corporations or to alien corporations as well. *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31, 32 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982).

Initially, courts presumed that the 1958 amendment did not alter the citizenship status of alien corporations. *See* 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, *Moore's Federal Practice* ¶ 0.75[3] (2d ed. 1985). In the leading case so finding, *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500, 502 (S.D.N.Y.1960), Judge Dimock relied on statutory construction of § 1332(c) to find that the capitalization of State, together with the clause referring to the State of its incorporation, indicated that this provision only applies to domestic corporations. Courts in this District initially followed this determination. *E.g., Tsakonites v. Transpacific Carriers Corp.*, 246 F.Supp. 634 (S.D.N.Y.1965), *aff'd*, 368 F.2d 426 (2d Cir. 1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 434 (1967); *Chemical Transportation Corp. v. Metropolitan Petroleum Corp.*, 246 F.Supp. 563 (S.D.N.Y. 1964); *Mazzella v. Pan Oceanica A/S Panama*, 232 F.Supp. 29 (S.D.N.Y.1964).

The leading district court case in reaching the opposite conclusion, that § 1332(c) applies to alien corporations, is *Southeast Guaranty Trust Co. v. Rodman & Renshaw, Inc.*, 358 F.Supp. 1001 (N.D.Ill.1973). The court rejected the *Eisenberg* construction on the ground that the interpretation did not necessarily follow from the language of the statute. *Id.* at 1007. Moreover, the court found that the purposes of the 1958 amendment, to eliminate federal court jurisdiction over local disputes involving a corporation with its principal place of business in the state of its adversary's citizenship, would be served by applying § 1332(c) to alien corporations. *Id.* at 1007.

The Second Circuit briefly commented on this question in dictum as follows:

[A]lien corporations organized under the laws of another country ... are probably deemed to be citizens exclusively of [the foreign country] for diversity purposes [citations omitted] ... While the opposite argument has been adopted by the American Law Institute ..., which has received support from learned authority, H. Friendly [citation omitted], the proposal is in the form of a suggested statutory amendment, indicating that the argument is better addressed to Congress than to the courts.

*Clarkson Co. v. Shaheen*, 544 F.2d 624, 628 n. 5 (2d Cir.1976). Subsequently, the Fifth Circuit, the only Circuit to decide this issue, found that § 1332(c) applies to alien corporations. *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). After noting that neither the statutory language or the legislative history indicated whether § 1332(c) applies to alien corporations, the *Jerguson* court discussed the relevant case law, including the Second Circuit comment. The court explained that Congress intended, in adopting § 1332(c), "to eradicate a perceived abuse engendered by the citizenship by incorporation rule," whereby a local institution could avoid state court by resorting to the legal fiction that it was a citizen only where it chose to be incorporated, not where it conducted its business. *Id.* at 32–33. With this purpose in mind, the court found no reason to treat a corporation organized in a foreign country differently from a corporation organized in a foreign state. *Id.* at 35.

Prior to the Fifth Circuit decision, the *Southeast Guaranty* interpretation had a mixed reception in this District. In *Bergen Shipping Co. v. Japan Marine Services, Ltd.*, 386 F.Supp. 430 (S.D.N.Y.1974), Judge Conner accepted the new rule and further concluded that the Court had diversity jurisdiction over a suit between two alien corporations when one corporation had its principal place of business in New York. The Second Circuit rejected an assertion similar to the second prong of his holding in a subsequent case by stating, "We need not reach the issue of whether or not 28 U.S.C. § 1332(c) applies to alien cor-

porations, however, because it is enough in this case to hold that, even assuming dual citizenship, the fact that alien parties were present on both sides would destroy complete diversity." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980). Furthermore, Judge Conner, in *Bergen Shipping,* stated that the diversity issue was not determinative of the jurisdictional question since the suit could also be based on admiralty. 386 F.Supp. at 433–434.

Another case cited as following the *Southeast Guaranty* interpretation is *Arab International Bank & Trust Co. v. National Westminster Bank Ltd.*, 463 F.Supp. 1145 (S.D.N.Y.1979), although the Court's acceptance of the new rule is not absolute. Judge Sand "assume[d] for the purposes of this decision that § 1332(c) applies to alien corporations" and recognized that this is the "trend of recent decisions." *Id.* at 1147. Yet, Judge Sand noted that whichever interpretation he applied, on the facts of the case before him, the result was the same. *Id.* at 1147–48.

Judge Carter declined to apply §· 1332(c) to an alien corporation in *Salomon Englander y Cia Ltda v. Israel Discount Bank*, 494 F.Supp. 914 (S.D.N.Y.1980). Judge Carter discussed the differing interpretations and concluded, after citing the Second Circuit dictum in *Clarkson*, that the traditional rule should be followed until Congress addressed the problem. *Id.* at 917–18.[3]

In light of the division in the case law of this District and noting that the cases that squarely addressed the issue did so prior to the Fifth Circuit determination, I am inclined to follow the Fifth Circuit holding in *Jerguson.* The reasoning of the *Jerguson* court, that there is no logical basis for distinguishing domestic and foreign corporations in effectuating the purpose of

§ 1332(c), is compelling. I therefore find that § 1332(c) applies to alien corporations and Bahama is a citizen for diversity purposes of the state of its principal place of business. Accordingly, defendant's motion is granted.

In the event that I find that § 1332(c) applies to alien corporations, Rubinfeld has requested the opportunity to conduct additional discovery to determine whether Bahama's principal place of business is indeed in New York. Bahama has stated that nearly all of Bahama's business is conducted out of its New York City office, where its President, Treasurer/Financial Controller, and Claims Manager are located. Rubinfeld asserts that since Bahama has two offices in Florida, in Tampa and Miami, Florida may be its principal place of business. It appears to the Court from the papers already submitted that Bahama's principal place of business is in New York. However, I agree to stay the effect of this order for ninety days to permit Rubinfeld to conduct additional discovery and allow the parties to submit additional papers in this regard.

SO ORDERED.

---

**3.** Other cases in this District where the issue has arisen since *Southeast Guaranty* include: *De Wit v. K.L.M. Royal Dutch Airlines, N.V.*, 570 F.Supp. 613, 616 n. 5 (S.D.N.Y.1983) (finding it unnecessary to resolve the question for the purposes of the case); *Oppenheimer Reinsurance Co. v. Alexander & Alexander, Inc.*, 79 Civ. 2151 (S.D.N.Y. December 27, 1979) *cited in Salomon*

*Englander y Cia Ltda*, 494 F.Supp. at 917, (cited for following *Southeast Guaranty*, but this unreported decision is presently unavailable); *Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y. 1974) (applying § 1332(c) to an alien corporation without mentioning this disputed question).