**GENERAL ATLANTIC INVESTMENTS LIMITED and Medac, Inc., Plaintiffs,**

v.

**BUSINESS DEVELOPMENT CAPITAL LIMITED PARTNERSHIP–II, John Foster, Michael Connelly, FC Partners, Braxton Development Capital Limited Partnership, and George B. Bennett, Defendants.**

**No. 85 Civ. 4127(DBB).**

United States District Court, S.D. New York.

Oct. 2, 1985.

Paul, Weiss, Rifkind, Wharton & Garrison by Lewis A. Kaplan, New York City, for plaintiffs.

Haythe & Curley by David Wawro, New York City, for defendants.

### MEMORANDUM

BONSAL, District Judge.

In this civil action, plaintiffs General Atlantic Investments Limited ("GAIL"), a lim-

ited liability company organized under the laws of Bermuda, and Medac, Inc., an Ohio corporation, are suing the defendants Business Development Capital Limited Partnership-II ("BDC–II"), John Foster, Michael Connelly, FC Partners, Braxton Development Capital Limited Partnership, and George B. Bennett. Plaintiffs seek specific performance, and alternatively, damages, with respect to a letter contract entered into on May 24, 1985 between plaintiffs and defendant BDC–II.

The Amended Complaint alleges that GAIL is a limited liability company organized under the laws of Bermuda and that Medac is an Ohio corporation, and that the defendant BDC–II "is a limited partnership organized under the laws of the State of Connecticut having its principal place of business in the City, County and State of New York."

Plaintiffs allege jurisdiction based on diversity of citizenship (Judicial Code § 1332).

Under the Bermuda Companies Act, GAIL is an exempt company which may carry on business outside of Bermuda from an office within Bermuda. It may not do business in Bermuda. To transact business in Bermuda, 60% of a company's voting rights must be exercisable by Bermudians and 60% of its directors must be Bermudians. (The Companies Act 1949, Part I, Item 10; Exempt Companies Act 1950, Title 17, Item 11.).

The contract, a copy of which is attached to the Amended Complaint, states that GAIL carries on its business from an office at 120 East 55th Street, New York City, and that BDC–II has its office at 437 Madison Avenue, New York City. Section 1332(c) of the Judicial Code provides that a corporation shall be deemed a citizen of any State in which it has been incorporated and of the State where it has its principal place of business. A reading of the Amended Complaint and the briefs filed herein satisfies the court that both GAIL and BDC–II have their principal offices in New York where the contract here sued upon was entered into. Therefore, there is no diversity of citizenship under Sections 1332(a) and (c). A distinction has been made between corporations organized under laws of different States of the United States and alien corporations. For example, in *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500 (S.D.N.Y. 1960), Judge Dimock of this court held that Section 1332(c) did not apply to alien corporations which remain citizens of the foreign country, regardless of where their principal office is located. In *Eisenberg,* Judge Dimock considered the status of Commercial Union Assurance Co., a British corporation having branches in the United States, finding that its contact with New York might be so slight that it could still be an outsider. Judge Dimock then went on to say, "On the other hand, if a Bahaman [sic] corporation, for example, has located its principal place of business in New York, the inference is legitimate that it has adopted New York as its actual residence and that it is no longer entitled to be considered an outsider and to deserve the protection accorded outsiders." Such an inference is even stronger in the case of a Bermuda exempt company which is not authorized to do business in Bermuda, so that its principal place of business must be outside of Bermuda. Since GAIL is not authorized to do business in its country of incorporation, Bermuda, Section 1332(c) will be applied.

Since *Eisenberg,* several cases in this district have held that there is no diversity under Section 1332(c) in cases involving alien corporations having their principal office in New York. *See Oppenheimer Reinsurance Company, Ltd. v. Alexander & Alexander, Inc.*, 79 Civ. 2151 (LWP) (S.D. N.Y. January 2, 1980); *Bergen Shipping Co. v. Japan Marine Services, Ltd.*, 386 F.Supp. 430 (S.D.N.Y.1974); *Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y. 1974).

While this circuit has not ruled on the issue, the Court of Appeals for the Fifth Circuit, in *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72

L.Ed.2d 469 (1982), held that a Panamanian corporation having its principal place of business in Florida was a Florida citizen, so that there was no diversity of citizenship in a litigation where the other parties were residents of Florida.

In view of the foregoing, the court holds that it is without jurisdiction, and the action is dismissed, without prejudice.

It is So Ordered.