Brenda SCHNEIDER, Sara Kornblau, Renee Campbell, Individually and on behalf of Randy Campbell and Rusty Campbell, Infants, Angela McJunkins, Individually and on behalf of Diana McJunkins, an infant, Nonalee Stewart, Bernice Glogiewicz and Fred Glogiewicz, Plaintiffs,

v.

## BAHAMA CRUISE LINE, INC., Defendant.

### No. 86 Civ. 0380 (RLC).

United States District Court, S.D. New York.

May 22, 1987.

Parente & Kornblau, Mineola, N.Y., for plaintiffs; Richard P. Broder, P.C., of counsel.

Michael D. Martocci, New York City, for defendant; Howard W. Burns, Jr., of counsel.

## OPINION

ROBERT L. CARTER, District Judge

This case is here on defendant's motion to strike plaintiffs' jury demand. Plaintiffs were passengers on defendant Bahama Cruise Line, Inc.'s ("BCL's") S.S. Bermuda Star who have brought suit to recover for damages they allegedly sustained on a cruise they contend was marred by noxious odors and a rude staff. Plaintiffs claim subject matter jurisdiction under 28 U.S.C. § 1333, the general admiralty jurisdiction statute, and 28 U.S.C. § 1332, which gives the court jurisdiction over parties of diverse citizenship. BCL concedes admiralty jurisdiction, but contests diversity jurisdiction, and moves to strike plaintiffs' jury request on the ground that a jury is generally not available in suits brought under the admiralty statute. *See, e.g., Rubinfeld*

*v. Bahama Cruise Line, Inc.*, 613 F.Supp. 300, 300 (S.D.N.Y. 1985) (Leisure, J.).

BCL is incorporated under the laws of the Cayman Islands and, when this suit was filed, had its principal place of business in New York. Plaintiffs are citizens of several American states; two, in particular, are citizens of New York. The parties agree that the question of whether diversity jurisdiction exists, and hence whether plaintiffs are entitled to trial by jury, turns on whether 28 U.S.C. § 1332(c) applies to a foreign corporation like BCL.

Section 1332(c) provides in pertinent part that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of a State where it has its principal place of business." If the statute does not apply to foreign corporations, then BCL's citizenship would be determined by its incorporation in the Cayman Islands, and diversity would exist under 28 U.S.C. § 1332(a)(2).[1] *See Rubinfeld, supra*, 613 F.Supp. at 300. If the statute does apply, then BCL would be a citizen of both the Cayman Islands, where it is incorporated, and New York, where it had its principal place of business when this action was filed. In that case, because two of the plaintiffs are also New York citizens, diversity would be lacking. *See Southeast Guaranty Trust Co. v. Rodman & Remshaw, Inc.*, 358 F.Supp. 1001, 1007 (N.D.Ill. 1973); *see also Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (citizenship determined at time action commenced).

The question of whether § 1332(c) applies to foreign corporations has been the subject of much debate and disagreement, even within this district. *Compare Clarkson Co. v. Shaheen*, 544 F.2d 624, 628 n. 5 (2d Cir.1976) (statute "proabably" doesn't apply to foreign corporations); *Solomon Englander Y Cia Ltda v. Israel Discount Bank, Ltd.*, 494 F.Supp. 914, 916–18 (S.D. N.Y. 1980) (Carter, J.) (statute doesn't apply); *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500, 502 (S.D.

N.Y. 1960) (Dimock, J.) (same), *with Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31, 32–35 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982) (statute applies); *Rubinfeld, supra*, 613 F.Supp. at 302 (same); *Arab International Bank & Trust Co. v. National Westminster Bank Ltd.*, 463 F.Supp. 1145, 1147 (S.D.N.Y.1979) (Sand, J.) (same); *Southeast Guaranty Trust, supra*, 358 F.Supp. at 1007 (same).

Last year the scope of § 1332(c)'s applicability was finally determined in this circuit by the Court of Appeals decision in *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097 (2d Cir.1986), although in light of the fierce jurisprudential battle that was waged over this issue the manner in which it was finally resolved was something of an anticlimax. The plaintiff in *Bailey* was the administrator of the estate of a man killed in New Hampshire while working for the Canadian National Railroad ("CNR"). The railroad, a defendant in the action, moved to strike plaintiff's jury demand on the ground that the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–11, protects instrumentalities of a foreign state from trial by jury. Under FSIA, a company cannot be an instrumentality of a foreign state if it is deemed to be a citizen of the United States under § 1332(c). Thus, the circuit court was faced with the question whether CNR, which is incorporated in Canada and has its principal place of business there, is a citizen of the United States under § 1332(c). *See Bailey, supra*, 805 F.2d at 1100.

Rather than address the threshold question of § 1332(c)'s applicability to the Canadian CNR, however, the court assumed its applicability and focused instead on a subsidiary question that had also received considerable attention in the past: whether citizenship is determined by a company's place of business worldwide, or by its principal place of business in the United States. *See, e.g., Arab International Bank, supra*, 463 F.Supp. at 1147; *Eisenberg, su-*

---

**1.** Section 1332(a)(2) establishes diversity jurisdiction in actions between "citizens of a State and citizens or subjects of a foreign state."

82

*pra,* 189 F.Supp. at 502. The court concluded that the worldwide place of business is controlling. *Bailey, supra,* 805 F.2d at 1101.

 *Bailey* implicitly but unambiguously ends the debate in this circuit over § 1332(c), and gives clear guidance as to the disposition of this motion. Under *Bailey,* the statute clearly applies to a foreign company like BCL, and there obviously can be no diversity between plaintiffs, some of whom are citizens of New York, and BCL, which had its worldwide principal place of business in New York when this case was filed. Accordingly, defendant's motion to strike plaintiffs' jury demand is granted.

IT IS SO ORDERED.