CLIFFORD CORPORATION, N.V., Plaintiff,

v.

Alfred INGBER, Defendant.

No. 88 Civ. 3405 (JMW).

United States District Court, S.D. New York.

March 27, 1989.

See also 709 F.Supp. 486.

Philip LeB. Douglas, Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiff.

James J. Harrington, Haythe & Curley, New York City, for defendant.

MEMORANDUM AND ORDER

WALKER, District Judge:

This court, like all federal courts, has a "virtually unflagging obligation ... to exercise jurisdiction given to [it]." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, a federal court must first ensure that it has, in fact, been given jurisdiction to hear a matter. Federal subject matter jurisdiction thus may be raised at any time during litigation, and *must* be raised *sua sponte* by a federal court if there is any indication that the court lacks jurisdiction. *See, e.g., Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.,* 850 F.2d 876, 881 (2d Cir.1988); Fed. R.Civ.P. 12(h)(3). Defendant in this case now challenges the Court's subject matter jurisdiction.

The following contentions are not in dispute: plaintiff asserts jurisdiction based solely on diversity of citizenship; defendant is a New York citizen; plaintiff is an alien corporation, incorporated under the laws of the Netherlands Antilles; and plaintiff has its principal or sole place of business in New York. The relevant statute, 28 U.S.C. § 1332(c), provides, in pertinent part, that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of a State where it has its principal place of business." The sole question for this Court to decide is whether § 1332(c) applies to foreign corporations. If it does not so apply, then plaintiff's citizenship would be determined solely by its incorporation in the Netherlands, and diversity would exist. If, on the other hand, § 1332(c) *does* apply to foreign corporations, then plaintiff, with its principal place of business in New York, would also be a citizen of New York for diversity purposes, and jurisdiction would not exist.

## DISCUSSION

Over the past thirty years, since Congress amended § 1332 to create dual citizenship for a corporation, there has been some disagreement over the answer to the question presented. At the outset, the

Court notes that the Second Circuit has not decided the issue. Plaintiff points to *Clarkson Co. Ltd. v. Shaheen*, 544 F.2d 624, 628 n. 5 (2d Cir.1976) (alien corporations *"probably* deemed to be citizens exclusively of [foreign country] for diversity purposes") (emphasis added). However, the court's observation in a footnote in *Clarkson*—hardly conclusive to begin with—remains mere dictum. For its part, defendant relies on *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1100–01 (2d Cir.1986). That case, however, did not address the question before this Court. Instead, it addressed a separate statute, 28 U.S.C. § 1603(b), which specifically incorporated § 1332(c).[1] This Court, then, is free to answer this question as it sees best, and is greatly aided by the well-reasoned and persuasive opinions of district and circuit courts that have previously addressed this issue.

The Fifth Circuit has held that § 1332(c) applies to alien corporations. *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). The court first observed that neither the statutory language nor the legislative history of § 1332(c) indicated whether the provision applies to foreign corporations. The court then explained that by adopting § 1332(c), Congress intended "to eradicate a perceived abuse engendered by the citizenship by incorporation rule," which had allowed a local entity to escape appearing in state court merely by advancing the legal fiction that it was, in fact, a citizen only of the state where it had been incorporated, and not where it conducted business.

> This fiction of stamping a corporation a citizen of the State of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has ob-

tained a corporate charter from another State.... This circumstance can hardly be considered fair because it gives the privilege of a choice of courts to a local corporation simply because it has a charter from another State, an advantage which another local corporation that obtained its charter in the home State does not have.

*Jerguson*, 659 F.2d at 33 (quoting S.Rep. No. 1830, 85th Cong., 2d Sess., U.S.Code Cong. & Admin.News 1958, pp. 3099, 3101–3102.).

The *Jerguson* court went on to explain why the rationale behind § 1332(c) compelled a finding that the statute applied with equal force to foreign corporations:

> Congress intended to limit the diversity jurisdiction of the federal courts to those out-of-state citizens who should be free of local bias. Congress decided there was no need for federal court protection of a corporation with its principal place of business in the same state in which its legal adversary is a citizen, even though it is incorporated elsewhere. Applying § 1332(c) to alien corporations effectuates that congressional purpose. There is no reason to treat [a foreign corporation with its principal place of business in the forum state] differently from, for example, a Delaware corporation which has its principal place of business in [the forum state].

*Id.* at 35. The Eleventh Circuit Court of Appeals has noted *Jerguson* with approval. *See Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907, 909–10 (11th Cir.), *cert. denied*, 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984).

Courts in the Southern District of New York have similarly determined that § 1332(c) applies to foreign corporations. *See, e.g., Schneider v. Bahama Cruise Line, Inc.*, 664 F.Supp. 80 (S.D.N.Y.1987) (Carter, J.); *Rubinfeld v. Bahama Cruise*

---

1. In *Schneider v. Bahama Cruise Line, Inc.*, 664 F.Supp. 80, 82 (S.D.N.Y.1987), Judge Carter of this court found *Bailey* to be binding precedent for holding § 1332(c) applicable to alien corporations, since the Second Circuit "assumed [§ 1332(c)'s] applicability." My reading of *Bail-*

*ey* leads me, respectfully, to a different view. Rather than "assuming" the applicability of § 1332(c), the Second Circuit was statutorily *required* to find it applicable given the express terms of 28 U.S.C. § 1603(b).

*Line, Inc.,* 613 F.Supp. 300 (S.D.N.Y.1985) (Leisure, J.); *Arab International Bank & Trust Co. v. National Westminster Bank Ltd.,* 463 F.Supp. 1145, 1147 n. 1 (S.D.N.Y. 1979) (Sand, J.) (no holding, but noting that "the commentators suggest that applying the dual citizenship principle of § 1332(c) to foreign corporations is the better rule") (citations omitted); *Bergen Shipping Co. v. Japan Marine Services, Ltd.,* 386 F.Supp. 430 (S.D.N.Y.1974) (Connor, J.); *Jerro v. Homes Lines, Inc.,* 377 F.Supp. 670 (S.D.N.Y.1974). Courts outside the Southern District have reached this same conclusion. *See Southeast Guaranty Trust Co. v. Rodman & Renshaw, Inc.,* 358 F.Supp. 1001 (N.D.Ill.1973); *Trans World Hospital Supplies Ltd. v. Hospital Corporation of America,* 542 F.Supp. 869 (M.D.Tenn 1982).[2]

For the reasons set forth in *Jerguson, supra,* and *Rubinfeld, supra,* I conclude that § 1332(c) applies to foreign corporations. As a result, plaintiff must be considered a New York citizen for purposes of diversity. Since defendant, too, is a New York citizen, diversity does not exist. No other basis for federal jurisdiction has been advanced.

## CONCLUSION

Accordingly, this action is dismissed for want of jurisdiction.

SO ORDERED.

---

**2.** *But see* the four district court cases cited in *Clarkson,* 544 F.2d at 628 n. 5. In that footnote, the Second Circuit counted four courts that had concluded that § 1332(c) did not apply to foreign corporations, and two that had concluded

it did apply. Since that 1976 opinion, of course, the count in this district has changed, *see supra,* and the Fifth Circuit has squarely and persuasively addressed the question.