**CREACIONES CON IDEA, S.A. DE C.V.;  and Imagen Textil y Confecciones, S.A. De C.V., Plaintiffs,**

v.

**MASHREQBANK  PSC  and  MashreqBank New York (formerly Bank of Oman Ltd.), Defendants.**

No.  97 CIV. 9573(CBM).

United States District Court, S.D. New York.

Dec. 9, 1999.

Bruce Langer, New York City, for Plaintiffs.

Sabharwal & Associates, by Rohit Sabharwal, New York City, for Defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs, Creaciones Con Idea, S.A. de C.V. ("Creaciones") and Imagen Textil Y Confecciones, S.A. de C.V. ("Imagen"), filed this action against defendants, Mashreqbank PSC ("Mashreqbank") and Mashreqbank New York ("MNY") on December 31, 1997. Plaintiffs are beneficiaries of two irrevocable letters of credit ("ILC") issued by Mashreqbank. Mashreqbank refused payment on these ILC's due to alleged documentation deficiencies in the payment demands. Plaintiffs brought suit against Mashreqbank, alleging that the refusals constituted breach of contract, fraud and conspiracy to commit fraud. On May 12, 1999, this court granted defendant's pre-answer motion to dismiss as against the fraud and conspiracy claims, finding that these claims were duplicative of the breach of contract claims. Currently before the court is the question of the legitimacy of diversity jurisdiction in this case. The court now finds that the requirements for diversity jurisdiction have not been satisfied, and dismisses the action for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs allege that Creaciones and Imagen are foreign corporations organized under the laws of the principality of Mexico, with offices in Mexico. *See* Plaintiffs' Compl. ¶ 5,7. According to plaintiffs' complaint, defendant Mashreqbank is a registered commercial bank established under the laws of the United Arab Emirates, with its principal office in Dubai, a city in the United Arab Emirates. *See* Plaintiffs'

Compl. ¶ 9. Plaintiffs further allege that Defendant MNY is the wholly owned branch office of Mashreqbank, organized under the laws of the United States, with its principal office in New York City. *See* Plaintiffs' Compl. ¶ 10.

Defendants have raised the question of the appropriateness of subject matter jurisdiction in this case due to a lack of diversity of citizenship. Plaintiffs alleged in their complaint that jurisdiction is authorized by Title 28 U.S.C. section 1332(a)(2)("Section 1332"), the provision governing diversity jurisdiction in cases involving foreign litigants. Upon examination of the facts and the allegations in plaintiffs' complaint, this court finds that the requirements of Section 1332(a)(2) have not been met, and dismisses the action for lack of subject matter jurisdiction.

## II. ANALYSIS

### A. Dismissal for Lack of Subject Matter Jurisdiction

Dismissal for lack of subject matter jurisdiction is proper at any stage of trial, regardless of whether a motion has been made by either of the parties. *See Alliance of American Insurers v. M. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988) ("The fact that neither party contested the District Court's authority... does not act to confer jurisdiction on the Court since a challenge to subject matter jurisdiction cannot be waived and may be raised sua sponte by the district court, or by a federal appellate court."); *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties*, 30 F.3d 298, 300 (2d Cir.1994) ("Indeed, our cases make it clear that '[i]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *quoting Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983)); Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the

court lacks jurisdiction of the subject matter, the court shall dismiss the action.") In examining the issue of subject matter jurisdiction, a court may consider the allegations made in the complaint as well as extrinsic evidence outside of the pleadings. *See Transatlantic Marine Claims Agency, Inc., v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir.1997) ("[t]he case law does not limit our right to refer to any material in the record.") If the court ultimately concludes that jurisdiction is lacking, dismissal of the action is mandatory. *See United Food & Commercial Workers Union, Local 919*, 30 F.3d 298, 300.

## B. Diversity Jurisdiction

### 1. Scope of Diversity Jurisdiction

Pursuant to Title 28 U.S.C. § 1332, federal courts have original jurisdiction in cases involving parties with diverse citizenship. Subsection (a) of Section 1332 outlines the requirements for diversity of citizenship, and reads, in pertinent part:

'(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—

'(1) citizens of different States;

'(2) citizens of a State and citizens or subjects of a foreign state;

'(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

'(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different states.

In this case, plaintiff has alleged damages in excess of $404,000.00, so the amount in controversy requirement has been satisfied. The only issue remaining before this court is the question of whether the requirements for diversity of citizenship have been satisfied.

### 2. Title 28 U.S.C. § 1332(c)(1)—Citizenship of Corporate Parties

In order to determine whether subject matter jurisdiction based on the diversity of citizenship exists, a court must first determine the citizenship of the parties involved. Subsection (c)(1) of Section 1332 details the standards for determining the citizenship of a corporate party, and provides, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Creaciones, Imagen, and Mashreqbank are alleged to have been incorporated in foreign states. This fact, however, does not affect the applicability of Section 1332(c). Courts have interpreted Section 1332(c) to apply to both foreign and domestic corporations. *See Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1099 (2d. Cir.1986)(applying the Section 1332(c) definition of citizenship to a Canadian corporation); *Petroleum & Energy Intelligence Weekly, Inc. v. Liscom*, 762 F.Supp. 530, 533 (S.D.N.Y. 1989)("[t]he Court concludes that § 1332(c) applies to foreign corporations.") Therefore, this court will examine the citizenship of the parties to this action based on the standards provided by subsection (c) of Section 1332.

Under Section 1332(c)(1), a corporation's citizenship is in the state where it was incorporated and the state where it has its principal place of business. Plaintiffs allege that both Creaciones and Imagen were organized under the laws of Mexico and have offices in Mexico. *See* Plaintiffs' Compl. ¶ 5,7. Thus, for the purposes of Section 1332(c)(1), plaintiff corporations are citizens of Mexico.

According to plaintiffs' allegations, defendant Mashreqbank was incorporated in the United Arab Emirates and has its principal office in Dubai. *See* Plaintiffs' Compl. ¶ 9. However, plaintiffs allege that in addition to the Dubai office, Mashreqbank has a New York branch office that is organized under the laws of the United States and conducts business in New York City. *See* Plaintiffs' Compl. ¶ 10. According to Mashreqbank's Foreign Branch License, MNY is the foreign

branch of Mashreqbank licensed to operate in the State of New York.

■ The operation of a New York branch office, however, is not sufficient to make Mashreqbank a citizen of New York under Section 1332(c)(1). The branch office does not satisfy either of the two bases for corporate citizenship outlined in Section 1332(c)(1). As for the first basis, place of incorporation, the New York branch office is immaterial to Mashreqbank's status because the company was incorporated in the United Arab Emirates, not New York. The fact that MNY is licensed to operate in New York does not qualify as a basis for citizenship, "[t]he fact that a foreign corporation is authorized or licensed to do business in a state does not...make it a citizen of that state." *Arab International Bank & Trust v. National Westminster Bank Limited* 463 F.Supp. 1145, 1148 (S.D.N.Y.1979). As for the second basis, principal place of business, the operation of the MNY branch office does not satisfy the standard for citizenship. The Second Circuit considered the issue of the citizenship of a foreign corporation with a branch office in the United States in *Bailey v. Grand Trunk Lines New England,* 805 F.2d 1097 (2d Cir.1986). In *Bailey,* the plaintiff was a citizen of the United States and the defendant was a Canadian corporation with a branch office in the United States. The court found that in determining the citizenship of a foreign corporation under Section 1332(c), "[a]n alien corporation's worldwide principal place of business, and not its principal place of business within the United States, is controlling." *Bailey v. Grand Trunk Lines New England,* 805 F.2d at 1101. It is undisputed that Mashreqbank has its principal office in Dubai. The New York branch office may be Mashreqbank's principal place of business in the United States, but, as the Second Circuit held in *Bailey,* this fact is not controlling in the Section 1332(a)(2) inquiry. To briefly review the facts, plaintiffs allege that Mashreqbank's principal office is in Dubai and that MNY is a foreign branch of Mashreqbank. Mahreqbank's Foreign Branch License lists the Dubai location as Mashreqbank's principal office and the New York City location as a branch office. Thus, although Mashreqbank's principal office in the United States is located in New York, its worldwide principal office is in the United Arab Emirates. Accordingly, this court finds that because Mashreqbank is incorporated in the United Arab Emirates and operates its worldwide principal place of business there, both Mashreqbank and its subsidiary, MNY, are citizens of the United Arab Emirates for the purposes of Section 1332(c)(1).

### 3. Title 28 U.S.C. 1332(a)(2)—Diversity of Citizenship for Matters Involving Foreign Litigants

■ Plaintiffs have predicated jurisdiction in this case on Title 28 U.S.C. § 1332(a)(2). Section 1332(a)(2) authorizes diversity jurisdiction in matters involving "citizens of a state and citizens or subjects of a foreign state." As the wording of the provision dictates, Section 1332(a)(2) limits diversity jurisdiction in actions involving foreign litigants to matters where at least one of the parties is a citizen of the United States. *See Arab International,* 463 F.Supp. at 1147; *M. Saunders v. Cunard Line Limited,* 1995 WL 329323 (S.D.N.Y. 1995). The United States District Court of the Southern District of New York considered the scope of Section 1332(a)(2) in *Arab International,* 463 F.Supp. at 1145. In *Arab International,* the plaintiff corporation was incorporated in the West Indies and the defendant corporation was organized under the laws of the United Kingdom. *See id.* at 1147. The court found that under Section 1332(a), "[t]he other party to a litigation involving a foreign litigant must be a citizen of a state of the United States." *Arab International,* 463 F.Supp. at 1147. In a similar case in the Southern District of New York, *M. Saunders v. Cunard Line Limited,* 1995 WL 329323 (S.D.N.Y.1995), the court found that diversity jurisdiction under Section 1332 was lacking because plaintiffs were citizens of Canada and the defendant was a

corporation organized under the laws of the United Kingdom. *See M. Saunders,* 1995 WL 329323 at *1. The court stated that, "[w]here Plaintiff is a citizen of a foreign state, Defendant must be a citizen of a state of the United States to satisfy requirements for diversity jurisdiction." *M. Saunders,* 1995 WL 329323 at *3. In the instant case, this court has determined that plaintiffs and defendants are citizens of foreign states based on the standards for corporate citizenship outlined in subsection (c)(1) of Section 1332. Section 1332(a)(2) requires that at least one party to the action be a citizen of the United States. Accordingly, this court finds that the requirements for diversity jurisdiction in subsection (a)(2) of Section 1332 have not been satisfied in this case because neither party qualifies as a citizen of the United States.

## III.  CONCLUSION

For the foregoing reasons, this court finds that diversity jurisdiction fails because the requirements of Section 1332(a)(2) have not been satisfied. Therefore, pursuant to Federal Rule of Civil Procedure 12(h)(3), this action is dismissed for lack of subject matter jurisdiction.