**ICON MW, LLC, Plaintiff,**

v.

**George HOFMEISTER, Defendant.**

**No. 13 Civ. 1834(VM).**

United States District Court,
S.D. New York.

June 4, 2013.

Peter Bryan Katzman, Mazzeo Song & Bradham LLP, New York, NY, for Plaintiff.

Sheldon S. Toll, Sheldon S. Toll PLLC, Southfield, MI, Brendan Michael Scott, Tracy Lee Klestadt, Klestadt & Winters, LLP, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant, George Hofmeister ("Hofmeister") removed this action pursuant to 28 U.S.C. § 1441 from the Supreme Court of the State of New York, County of New York, to this Court asserting federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Notice of Removal, Mar. 20, 2013, Dkt. No. 1.) Plaintiff, ICON MW, LLC ("ICON") filed a timely response asserting lack of complete diversity between the parties. (Response to Notice of Removal, Mar. 28, 2013, Dkt. No. 5) ("Motion to Remand"). The Court deemed ICON'S response as a motion to remand and instructed Hofmeister to provide evidence of complete diversity. Hofmeister filed his response by letter dated April 3, 2013. (Dkt. No. 7.) For the reasons discussed below, ICON'S motion to remand is **GRANTED**.

### I. BACKGROUND [1]

#### A. THE PARTIES

##### 1. Plaintiff

ICON is a Delaware limited liability company with its principal place of business in New York, New York. ICON has a membership composed of two funds: ICON Leasing Fund Eleven, LLC and ICON Leasing Fund Twelve, LLC. Each fund is a Delaware company operating principally in New York. The two funds

had a combined total membership of 17,317 individuals of which 159 were citizens of Kentucky at the time that the motion for remand was filed.

##### 2. Defendant

Defendant Hofmeister, a citizen of Kentucky, served as the guarantor of a lease agreement between ICON and another party which precipitated the original complaint.

### II. LEGAL STANDARD

#### A. DIVERSITY JURISDICTION

■ Under 28 U.S.C. § 1441(a), a defendant may remove a case from a state court to federal court if the district court has original jurisdiction over the action. The removing defendant has the burden of establishing that removal is proper. See *California Pub. Emps.' Ret. Sys. v. World-Com, Inc.*, 368 F.3d 86, 100 (2d Cir.2004). A district court must remand the action to state court if it determines that it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 125 (2d Cir.2007) ("[W]e have held that out of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolv[e] any doubts against removability.") (internal quotation marks omitted).

■ In this case, subject matter jurisdiction is based exclusively on the diversity of parties. Diversity is present when an action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). However, diversity is lacking where any party to the action is a citizen of the same state as an opposing party. *See Wisconsin Dept.*

---

1. The following recitation of facts is drawn from: Compl., Feb. 11, 2013 Dkt. No. 1–1; Mot. to Remand Mar. 28, 2013, Dkt. No. 5; Decl. of David J. Verlizzo, Mar. 2B, 2013, Dkt. No. 5–1. Except where specifically quoted, no further citation will be made to these documents.

*of Corrs. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 267, 2 L.Ed. 435 (1806).

## III. *DISCUSSION*

### A. *DIVERSITY JURISDICTION*

 With the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In particular, limited liability companies, like ICON, obtain citizenship from each of their members. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir.2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members."); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 52 (2d Cir.2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members."); *Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Research Capital, LLC,* 715 F.Supp.2d 542, 547 (S.D.N.Y.2010) ("Because SDTC is a limited liability company, its citizenship depends on the citizenship of all its members."). In the instant case, complete diversity of parties is lacking because some of the members of ICON are citizens of Kentucky and Hofmeister is also a citizen of Kentucky.[2]

Hofmeister urges the Court to disregard the Kentucky members because they constitute less than one percent of the membership of ICON or because they, along with all non-general members, are more analogous to shareholders than participatory members. The Supreme Court has never permitted a party to claim diversity jurisdiction based on the citizenship of some, but not all, of its members. *See Carden,* 494 U.S. at 192, 110 S.Ct. 1015. Because removal to this Court was based on diversity jurisdiction, all members of ICON must be considered for purposes of citizenship. *See id.* In particular, the Court in *Carden* declined to weigh relative member control in determining citizenship. *See id.,* at 192–93, 110 S.Ct. 1015.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiff ICON MW, LLC (Dkt. No. 5) to remand this action to the New York State Supreme Court, New York County, is **GRANTED.**

The Clerk of Court is directed to terminate any pending motions and close the case.

**SO ORDERED.**

---

2. Hofmeister contends that this Court should, pursuant to 11 U.S.C. § 101(9), define "corporation" to include unincorporated companies and associations, such as LLCs, and points to a Seventh Circuit case in which an LLC was treated as a corporation for the purposes of bankruptcy proceedings. *See In re Longview Aluminum, L.L.C.,* 657 F.3d 507, 509 n. 1 (7th Cir.2011). But the cases cited above demonstrate a clear and binding test for determining the citizenship of an LLC. *See, e.g., Bayerische Landesbank,* 692 F.3d at 49. Hofmeister cites only one case from this District that treats an LLC as a corporation for purposes of diversity jurisdiction. *See Gen. Atl. Inv. Ltd. v. Business Dev. Capital L.P.-II,* 620 F.Supp. 964 (S.D.N.Y.1985). That ruling was abrogated by the decision in *Carden. See Carden,* 494 U.S. at 189, 110 S.Ct. 1015.